RECORD NO. 12-7020

**ORAL ARGUMENT HAS NOT YET BEEN SCHEDULED**

In The
# United States Court of Appeals
For The District of Columbia Circuit

# KEISHA LONG,

*Plaintiff – Appellant*,

v.

# SAFEWAY, INC.; UNITED FOOD & COMMERCIAL WORKERS UNION LOCAL 400,

*Defendants – Appellees*.

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

**BRIEF OF APPELLEE UNITED FOOD & COMMERCIAL WORKERS UNION LOCAL 400**

Carey R. Butsavage
BUTSAVAGE & ASSOCIATES, P.C.
1920 L Street, NW, Suite 301
Washington, DC  20036
(202) 861-9700

*Counsel for Appellee*

# CERTIFICATE AS TO PARTIES' RULINGS AND RELATED CASES

**PARTIES:**

1. Appellant Keisha Long

2. Appellees United Food and Commercial Workers Union, Local 400 and Safeway Stores, Inc.

**RULINGS:**

The appeal is taken from the Memorandum Opinion and Order entered in the United States District Court of the District of Columbia by United States District Judge Barbara J. Rothstein on February 3, 2012.

**RELATED CASES:**

The instant case has not previously been before this court or any other court. To the best of counsel's knowledge, there are no related cases pending in any other United States Court of Appeal or in any other Court in the District of Columbia.

i

## TABLE OF CONTENTS

Page

CERTIFICATE AS TO PARTIES, RULINGS AND RELATED CASES ...............i

TABLE OF CONTENTS................................................................................... ii

TABLE OF AUTHORITIES ............................................................................ iii

I.    JURISDICTIONAL STATEMENT .................................................1

II.    STATEMENT OF THE ISSUE ........................................................1

III.    STATUTES AND REGULATIONS ................................................1

IV.    STATEMENT OF THE CASE .........................................................1

V.    STATEMENT OF THE FACTS .......................................................2

VI.    SUMMARY OF THE ARGUMENT ...............................................4

VII.    STANDARD OF REVIEW ...............................................................5

VIII.    ARGUMENT.....................................................................................6

    A.    The Complaint Fails to State a Claim For Relief .................6

    B.    Accepting All Facts In the Complaint Are True, the Union Did Not Breach the Duty Of Fair Representation................8

IX.    CONCLUSION................................................................................11

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Air Line Pilots Ass'n v. O'Neill*,
　　499 U.S. 65 (1991)..................................................................................8, 9

*Amalgamated Ass'n of St., Elec. Ry. & Motor Coach Employees v. Lockridge*,
　　403 U.S. 274 (1971).....................................................................................9

*\*Ashcroft v. Iqbal*,
　　556 U.S. 662 (2009)..............................................................................5, 6, 7

*Atherton v. District of Columbia Office of Mayor*,
　　567 F.3d 672 (D.C. Cir. 2009)......................................................................6

*\*Barrington v. Lockheed Martin*,
　　257 Fed. App. 153 (11th Cir. 2007) .............................................................9

*\*Bell Atlantic Corp. v. Twombly*,
　　550 U.S. 544 (2007)..............................................................................5, 6, 7, 8

*Castelli v. Douglas Aircraft Co.*,
　　752 F.2d 1480 (9th Cir. 1985) ....................................................................10

*Ford Motor Co. v. Huffman*,
　　345 U.S. 330 (1953).....................................................................................8

*Gwin v. National Marine Eng'rs Ben. Ass'n*,
　　966 F. Supp. 4 (D.D.C. 1997)..............................................................8, 10, 11

*Humphrey v. Moore*,
　　375 U.S. 335 (1964).....................................................................................8

*Harris v. Amalgamated Transit Union*,
　　825 F. Supp. 2d (D.D.C. 2011)....................................................................5

*\*Chief Authorities are designated with an Asterisk*

*Neal v. Newspaper Holdings, Inc.*,
    349 F.3d 363 (7th Cir. 2003) ..............................................................................8

**Vaca v. Sipes*,
    386 U.S. 171 (1967)................................................................1, 4, 7, 8, 9, 11

*Wanener v. SBC Pension Benefit Plan*, *de novo*,
    407 F.3d 401 (D.C. Cir. 2005).......................................................................5

**STATUTES**

28 U.S.C. § 1291 ............................................................................................1

28 U.S.C. § 1331 ............................................................................................1

28 U.S.C. § 1337 ............................................................................................1

29 U.S.C. § 185 ..............................................................................................1

**RULE**

Fed. R. Civ. P. 12(b)(6).........................................................................5, 6, 7

## I.   JURISDICTIONAL STATEMENT

This case is on appeal from a decision rendered by the United States District Court for the District of Columbia. This Court has appellate jurisdiction over this matter pursuant to 28 U.S.C. § 1291. The District Court had original subject matter jurisdiction over this case under 28 U.S.C. § 1331, as this claim arises under the laws of the United States. The issue in this case is governed by the Labor Management Relations Act, 29 U.S.C. § 185, and therefore the District Court also had original jurisdiction pursuant to 28 U.S.C. § 1337.

## II.   STATEMENT OF THE ISSUE

Whether the District Court correctly dismissed Ms. Long's lawsuit for failure to state a claim for a breach of the duty of fair representation pursuant to *Vaca v. Sipes*, 386 U.S. 171, 190 (1967).

## III.   STATUTES AND REGULATIONS

Appellee agrees with the pertinent Statutes and Regulations set forth in the Appellant's Brief.

## IV.   STATEMENT OF THE CASE

This appeal arises out of a "hybrid" § 301 breach of contract/breach of duty of fair representation action brought by Appellant Keisha Long ("Ms. Long") against Appellee United Food and Commercial Workers Union Local 400 ("Union") and Appellee Safeway Stores, Inc. ("Safeway") in the United States

District Court for the District of Columbia. Ms. Long claimed that Safeway, her employer, discharged her without just cause in violation of the Appellees' negotiated collective bargaining agreement, and asserts, without further elaboration, that the Union refused to take her grievance to arbitration. In her complaint, Ms. Long does not allege any arbitrary, discriminatory or bad faith conduct on the part of the Union. The Union filed a Motion to Dismiss, which was granted by the District Court. Ms. Long has now appealed the District Court's order. The Union files this brief in support of the District Court's ruling, and respectfully requests this Court find in favor of the Union, affirm the judgment of the District Court, and dismiss Ms. Long's Appeal.

## V.   STATEMENT OF THE FACTS

According to the complaint, Respondent Safeway suspended the *pro se* Appellant, Keisha Long, on October 29, 2010 for misuse of store coupons. On or about November 1, 2010, Ms. Long filed a grievance with the Union. Supp. App. at 2. Approximately one week later, on November 9, 2010, a Union representative accompanied Ms. Long to a meeting at Safeway's offices to discuss her grievance. Supp. App. at 2. During that meeting, the Union representative inspected Safeway's documentation of Ms. Long's alleged misuse of store coupons and inquired about videotapes documenting this misuse. Supp. App. at 3.

Subsequently, on December 22, 2010, a Union representative again accompanied Ms. Long to a meeting with Safeway regarding her grievance. Supp. App. at 4. The following day, the Union called Ms. Long to inform her that Safeway had decided to discharge her. Supp. App. at 5. Approximately one week later, the Union informed Ms. Long that it was in the process of investigating her suspension and termination from Safeway. Supp. App. at 5. After its investigation, the Union promptly informed Ms. Long that it had carefully reviewed the evidence regarding her misuse of store coupons, which established that she had in fact misused these coupons. Supp. App. at 5, 9-10. At the same time, the Union also notified Ms. Long that it would not take Ms. Long's case to arbitration as a result of these findings. Supp. App. at 6, 9.

Appellant's complaint admits that: (1) the Union accepted and processed Ms. Long's grievance (Supp. App. at 2); (2) the Union investigated the suspension of Ms. Long from Safeway (Supp. App. at 2-3); (3) the Union accompanied Ms. Long to grievance meetings on two separate occasions (Supp. App. at 2, 4); (4) the Union reviewed the evidence Safeway had accumulated against Ms. Long (Supp. App. at 5); (5) the Union made an objective decision that it would not take the case to arbitration, and; (6) and promptly informed Ms. Long that it would not bring her grievance to arbitration (Supp. App. at 6).

3

The United States District Court for the District of Columbia granted both Local 400 and Safeway's respective Motions to Dismiss on February 3, 2012. In its decision, the Court found Ms. Long "stated no facts from which a breach by the Union of its duty to fairly represent may be found or reasonably inferred." Supp. App. at 18. The Court held that Ms. Long's complaint admitted all of the above facts—that the Union represented her throughout the grievance process, investigated her case, reviewed the available evidence, and explained to her why her case would not be taken to arbitration. Supp. App. at 17. The District Court also held that Ms. Long's complaint demonstrated that she was well aware of the reason for her suspension and termination—her misuse of store coupons. Supp. App. at 18.

## VI.   SUMMARY OF THE ARGUMENT

The District Court properly granted the Union's Motions to Dismiss. Based on the Appellant's own complaint, the Union did not breach its duty of fair representation in its handling of Ms. Long's discharge. Moreover, Ms. Long's complaint failed to state any facts alleging arbitrary, discriminatory or bad faith behavior on the part of the Union.

Under well-established law, Ms. Long must demonstrate the Union's actions toward her were "arbitrary, discriminatory or in bad faith" in order to sustain a claim for breach of the duty of fair representation. *Vaca*, 386 U.S. at 190. While a

*pro se* plaintiff's pleadings are subject to less stringent standards, Ms. Long's complaint here nonetheless fails to state any claim against the Union. Ms. Long has failed to provide <u>any</u> facts showing that the Union breached its duty of fair representation here. In fact, the complaint serves as a chronology of the Union's efforts to fairly represent Ms. Long by promptly investigating her grievance and attempting to secure her reinstatement in grievance meetings with Safeway. Thus, by Ms. Long's own acknowledgement, the Union did not breach its duty of fair representation by acting in an arbitrary, discriminatory or bad faith manner.

## VII.  STANDARD OF REVIEW

A court of appeals reviews a motion to dismiss *de novo*. *Wanener v. SBC Pension Benefit Plan*, 407 F.3d 401 (D.C. Cir. 2005). In this case, the District Court dismissed Ms. Long's claims pursuant to Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *see also Harris v. Amalgamated Transit Union*, 825 F. Supp. 2d 82 (D.D.C. 2011). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). These factual allegations must be sufficient "to raise a right of relief above the speculative level on the assumption that all the

allegations in the complaint are true." *Twombly*, 550 U.S. at 555. It is not necessary that the factual allegations be detailed; however, the complaint must provide grounds for relief beyond mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* Unlike factual allegations, conclusory statements are not entitled to the assumption of truth. *Id.* at 554-555; *Iqbal*, 556 U.S. at 681. While a *pro se* complaint is held to a less stringent standard, it must still permit the court to infer more than the mere possibility of violative conduct. *Atherton v. District of Columbia Office of Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009).

## VIII. ARGUMENT

### A.     The Complaint Fails to State a Claim For Relief

As found by the District Court, Ms. Long's Complaint cannot withstand a Rule 12(b)(6) Motion to Dismiss under *Twombly*. The Complaint fails to state a claim for breach of the duty of fair representation, since it lacks sufficient facts alleging the Union acted in an arbitrary, discriminatory or bad faith manner. As in *Twombly*, "nothing contained in the complaint invests either the action or inaction alleged with the plausible suggestion of [the unlawful conduct at issue]." 550 U.S. at 566. Ms. Long's complaint does not provide any facts supporting her contention that the Union's action or inaction with respect to her grievance amount to a breach of the duty of fair representation. Her lone allegation of a breach of the duty of fair

6

representation is merely a legal conclusion insufficient to form a basis for the petitioner's complaint. *Id.* at 565. Ms. Long simply states the legal conclusion that she "was not fairly represented by the Union Defendants [ ] during the alleged handling of her grievance" without any factual support. Supp. App. at 6. Indeed all the facts that are alleged demonstrate the Union's diligence in pursuing the grievance. As in *Twombly* and *Iqbal*, Ms. Long's lone conclusory statement is not entitled to the assumption of truth. 550 U.S. at 554-55; 556 U.S. at 681. As stated by the District Court, in a ruling on a Rule 12(b)(6) Motion to Dismiss, the court may consider any documents attached to the complaint, including those that are referred to in the complaint and central to the claim at issue, without converting the motion to dismiss into one for summary judgment. Supp. App. at 15. The Union's December 30, 2010 letter effectively ends any argument Ms. Long might have on this point.

The only other fact alleged in the complaint that might even remotely suggest some kind of violative conduct is the Union's decision not to take Ms. Long's case to arbitration. Supp. App. at 6. Under *Vaca*, that fact alone is insufficient to support Ms. Long's claim since she did not have an absolute right to have her case taken to arbitration. 386 U.S. at 191. It is well settled that it is not the individual employee who controls the grievance or who requests arbitration; instead, as the exclusive bargaining representative, the union "supervise[s] the

7

grievance machinery and invoke[s] arbitration." *Id.* at 191. The union has the "discretion to act in consideration of such factors as the wise allocation of its own resources, its relationship with other employees, and its relationship with the employer." *Neal v. Newspaper Holdings, Inc.*, 349 F.3d 363, 369 (7th Cir. 2003). Without further facts in support of Ms. Long's claim, her right to relief does not rise above the level of speculative, as required by *Twombly*, since the Complaint does not allege any facts alleging arbitrary, discriminatory or bad faith conduct by the Union. 550 U.S. at 555.

### B. Accepting All Facts In the Complaint Are True, the Union Did Not Breach the Duty Of Fair Representation

A union's duty of fair representation requires it "to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct." *Vaca*, 386 U.S. at 177. Actions of a union are arbitrary "only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a 'wide range of reasonableness' as to be irrational." *Air Line Pilots Ass'n v. O'Neill*, 499 U.S. 65, 67 (1991) (quoting *Ford Motor Co. v. Huffman*, 345 U.S. 330, 338 (1953)). A union acts in bad faith only "when there is substantial evidence of 'fraud, deceitful action, or dishonest conduct.'" *Gwin v. National Marine Eng'rs Ben. Ass'n*, 966 F. Supp. 4, 7 (D.D.C. 1997) (quoting *Humphrey v. Moore*, 375 U.S. 335, 348 (1964)). Discrimination or bad faith will not be inferred where the union's decisions are supported by "rational explanations" and

8

"reasonable strategy." *Barrington v. Lockheed Martin*, 257 Fed. Appx. 153, 156 (11th Cir. 2007). In evaluating a union's performance, courts "must be highly deferential," *Air Line Pilots*, 499 U.S. at 78.

The Complaint contains no allegation that the Union's conduct was the result of an illegitimate purpose, personal animus, hostility toward the grievant or that the Union's conduct was fraudulent or dishonest. *Amalgamated Ass'n of St., Elec. Ry. & Motor Coach Employees v. Lockridge*, 403 U.S. 274, 299, 301 (1971). Ms. Long admitted in her complaint that the Union processed her grievance, investigated and reviewed evidence supporting her suspension and termination, and accompanied her to two meetings with Safeway representatives in an attempt to resolve the grievance. *See* Supp. App. at 9-10. Only after the Union put forth these efforts did it conclude that arbitration would be fruitless. *Vaca*, 386 U.S. at 194.

The letters sent to Ms. Long by the Union clearly show "rational explanations" and "reasonable strategy" to support the Union's decision. *Barrington*, 257 Fed. Appx. at 156. The letters written by the Union, and referenced by Ms. Long in her complaint, provide objective bases for the Union's decision not to take Ms. Long's case to arbitration that counter any assertions that it was made for discriminatory or bad faith reasons. *See* Supp. App. at 9-10. Specifically, the Union's December 30, 2010 letter describes the objective factors

9

it took into consideration in making its decision. That is, the Union reviewed the facts, and evaluated evidence Safeway had against Ms. Long, as well as the credibility of witnesses and physical evidence the Union could present at arbitration, past practice involving similar cases, and the likelihood of success before an arbitrator. Supp. App. at 9. After considering these objective factors, the Union rationally and objectively decided not to pursue Ms. Long's grievance to arbitration. *Id.* The Union's follow-up letter on January 11, 2011 provides additional detail to support its decision—the fact that Ms. Long failed to present any additional evidence to refute Safeway's evidence against her provided to both the Union and Ms. Long at a December 22, 2010 grievance meeting. Supp. App. at 10. The complaint simply presents no additional facts to support the breach of the duty of fair representation claim.

By no stretch of the facts here could one find that the Union processed the Appellant's grievance in a "perfunctory" fashion. To find representation "perfunctory" courts have consistently held that there must be evidence that the union "acted with reckless disregard for the employee's rights." *Gwin*, 966 F. Supp. at 10. The union's duty of fair representation requires only "minimal investigation" of the employee's grievance, and "the quantum that will be considered 'minimal' is quite small." *Id.* at 11 (citing *Castelli v. Douglas Aircraft Co.*, 752 F.2d 1480, 1483 (9th Cir. 1985)). Here, it is crystal clear that the Union's

10

conduct was clearly not "perfunctory" since it went far beyond the "minimal investigation" required to satisfy its duty of fair representation. *Gwin*, 966 F. Supp. at 11. As in *Vaca*, the Union "diligently supervised the grievance…with the Union's [ ] representative serving as [the employee's] advocate throughout" the grievance procedure. *Id.* at 193.

Since Ms. Long's Complaint fails to allege any facts showing arbitrary, discriminatory or bad faith conduct by the Union, the District Court properly dismissed this case.

## IX.   CONCLUSION

For all of the foregoing reasons, this Court should affirm The District Court's dismissal of Ms. Long's complaint.

Dated: <u>August 7, 2012</u>   /s/ Carey R. Butsavage
*Counsel to Appellee*
*Union Food & Commercial*
*Workers Union Local 400*
BUTSAVAGE & ASSOCIATES, P.C.
1920 L Street NW
Suite 301
Washington, DC  20036
(202) 861-9700 (Telephone)
cbutsavage@butsavage.com

11

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

   [ X ] this brief contains [*2,540*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

   [   ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   [ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2007*] in [*14pt Times New Roman*]; *or*

   [   ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].


Dated: August 7, 2012                    /s/ Carey R. Butsavage
                                         *Counsel to Appellee*
                                         *Union Food & Commercial*
                                         *Workers Union Local 400*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 7th day of August, 2012, I caused this Brief of Appellee United Food & Commercial Workers Union Local 400 to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

    Jerome L. Schaefer, Esq.
    John J. Hathway. Esq.
    WHITEFORD, TAYLOR & PRESTON, LLP
    1025 Connecticut Avenue, NW #400
    Washington, DC  20036
    jschaefer@wtplaw.com
    (202) 689-3150

    *Counsel for Appellee Safeway, Inc.*

and, by U.S. Mail, postage pre-paid upon:

    Keisha Long
    2310 Ewing Avenue
    Apartment 204
    Suitland, MD 20746

    *Appellant Pro Se*

I further certify that on this 7th day of August, 2012, I caused the required copies of the Brief of Appellee Union Food & Commercial Workers Union Local 400 to be hand filed with the Clerk of the Court.

                                            /s/ Carey R. Butsavage
                                            *Counsel to Appellee*
                                            *Union Food & Commercial*
                                            *Workers Union Local 400*